[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this medical malpractice action, the plaintiff alleges negligence on the part of the defendant in its treatment of her on July 16, 1991. It is undisputed for purposes of this motion that on July 13, 1994, the plaintiff moved for and received an automatic stay of the statute of limitations, in which motion she had represented that the statute would have expired on or about July 16, 1994. The plaintiff's complaint was ultimately instituted on October 13, 1994, within the period of the extension of the statute of limitations.
The defendant has moved for summary judgment based on its contention that there is no genuine issue of material fact with CT Page 12763 regard to its claim that the action is barred by the applicable statute of limitations, General Statutes § 52-584, which provides, in pertinent part:
 "[N]o action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered and except that no such action may be brought more than three years from the date of the act of omission complained of. . . ."
The defendant contends that it is clear from the pleadings and affidavits that the plaintiff discovered the injuries of which she complains on July 16, 1991, so that, even with the extension of the statute of limitations, the two-year period first mentioned within the statute had long since expired.
The difficulty with the defendant's position is that it is not dear from the pleadings and affidavits that the plaintiff knew that she had suffered an actionable harm on July 16, 1991. While it has been made clear that she knew that she had been injured on that date, it cannot be said that there is no genuine issue of fact as to whether she knew or had reason to know that the injury was one that might give rise to a cause of action against the defendant on that date, or whether this was something that was discovered at a later date, but not more than two years prior to the granting of the automatic extension.
Based on the available evidence, this issue is still in dispute and summary judgment is therefore inappropriate.
The motion for summary judgment is therefore denied.
Jonathan E. Silbert, Judge